# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDRICK CHARLTON,**

    **Plaintiff,**

**v.**                                                              Civil Action No. 2:10cv112
                                                                  (Judge Bailey)

**JAMES RUBENSTEIN,**
**WILLIAM W. FOX,**
**LUIS ALMASE, AND**
**JAEL FULTON**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil rights action on September 21, 2010. [Dckt. 1] After payment of the initial partial filing fee, the undersigned conducted a preliminary review of the complaint and directed the defendants to file an answer. [Dckt. 20] Because the plaintiff is proceeding as a pauper, the United States Marshal was directed to effect service upon the defendants. *Id.*

The Clerk issued summonses on March 21, 2011, and service has been executed on defendants Rubenstein and Fox. [Dckt. 25 & 26] However, on April 6, 2011, the United States Marshal Service returned service unexecuted on defendants Dr. Almase and Jael Fulton. [Dckt. 23 & 24] On May 12, 2011, the plaintiff was ordered to provide the Court with updated addresses of defendants Dr. Almase and Jael Fulton within 21 days of the date of the opinion. [Dckt. 31] The plaintiff failed to provide the updated addresses.

The defendants filed a motion to dismiss on April 15, 2011. [Dckt 27]. Because the plaintiff

is appearing *pro se*, the Court issued a Roseboro notice on April 18, 2011. [Dckt 29] The plaintiff failed to file a response to the defendants' motion..

## II. Contentions of the Parties

**1. The Complaint**

In the complaint, the plaintiff alleges that the defendants violated his Eighth Amendment rights by not providing him adequate medical care after he injured his hand. He further alleges that by ignoring his requests for better care, the defendants caused an aggravation of the injury that now requires surgery.

The plaintiff states that when his hand was injured in the prison dining hall, he was taken to the infirmary and given popsicle sticks and a wrap to brace the injury. The plaintiff claims that after weeks of inadequate medical care, he was then taken to Ruby Memorial Hospital in Morgantown, WV to see a doctor. The doctor stated that the injury was too far along to set the bones and recommended surgery. He also recommended that the plaintiff receive physical therapy and requested that the plaintiff return to him in two weeks to see his status. The plaintiff alleges that the defendants have done none of the doctor's recommendations, and claims that the injury will cause him problems both in prison and when he is released.

As relief, the plaintiff is requesting that he be allowed to have his hand repaired by an outside doctor, have all his medical expenses paid (both now and when he is released from prison), and compensatory and punitive damages.

**2. Defendants' Motion to Dismiss**

Because defendants Luis Almase and Jael Fulton were not served and are not before the court, the motion to dismiss is for defendants James Rubenstein and William Fox. These defendants

allege that because they were not directly involved with the incident and there are no allegations in the complaint that they interfered with the plaintiff's constitutional rights, they should be dismissed. Further, they claim that even if it this was not the case, they are entitled to qualified immunity and that the plaintiff failed to exhaust administrative remedies.

### III. Standard of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must "contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations

3

omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

### IV. Analysis

**1. James Rubenstein and William Fox**

The plaintiff alleges that these defendants violated his constitutional rights by not using their authority to get the plaintiff the medical care he needed. The defendants respond that they were not responsible for a violation of the plaintiff's constitutional rights, and therefore cannot be held liable.

As defendant James Rubenstein is the commissioner of the prison and William Fox is the warden, neither were directly responsible for the medical care that caused the alleged violation of the plaintiff's constitutional rights. Therefore, the only way they can be liable to the plaintiff for the alleged Eighth Amendment violation is through supervisor liability. As such, there are three situations in which defendants may be liable in their supervisory capacity: "(1) the supervisory

4

defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir.1990). A plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. *Id.* Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. *Id.*

None of the situations outlined in Miltier describe the defendants' actions in this case. First, as the defendants are administrators, not doctors, they cannot provide the plaintiff with the medical care he desires. Second, nothing in the evidence shows that the defendant interfered with the doctor treatment of the plaintiff. Third, there is nothing in the evidence to indicate that the defendants tacitly authorized or were in any way indifferent to the needs of the plaintiff. Accordingly, the plaintiff has failed to show that supervisory liability applies to defendants Rubenstein and Fox, and these defendants should be dismissed. As such, the allegations that the defendants are entitled to qualified immunity and that the plaintiff failed to exhaust his administrative remedies are now moot.

## 2. **Luis Almase and Jael Fulton**

The plaintiff alleges that these defendants denied the plaintiff of adequate medical care, thus violating his constitutional rights. These defendants were not served, and thus filed no response.

On May 12, 2011, the Court ordered the plaintiff to provide updated addresses for defendants Armase and Fulton within twenty-one days from the date of the order, or be at risk for having those defendants dismissed. [Dckt. 31]. The defendant failed to provide these updated addresses. Accordingly, Almase and Fulton have not been served and are not before the Court. Therefore, it

is recommended that the claims against defendants Almase and Fulton be dismissed.

## V. Recommendation

For the reasons stated, the undersigned recommends that the defendants' Motion to Dismiss [dckt. 27] be **GRANTED** and the plaintiff's complaint [dckt. 1] be **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 11, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE